UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD NEIL JONES,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | No. EDCV 14-1435 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for Supplemental Security Income ("SSI") benefits. Pursuant to the July 24, 2014 Case Management Order, the parties filed a Joint Stipulation for Social Security ("Joint Stipulation" or "JS") on March 23, 2015. (JS, ECF No. 15). The Court has reviewed the Joint Stipulation and the Administrative Record ("AR") filed by the defendant on January 15, 2015. For the reasons stated below, the decision of the Commissioner is affirmed.

**PROCEDURAL HISTORY**

On February 8, 2011, plaintiff filed for SSI benefits. (AR 151-74). In the application, plaintiff alleged a disability onset date of February 7, 2010. (*See*

*generally* AR 143, 154).  Plaintiff's application was denied both initially and upon reconsideration.  (AR 92-97; AR 99-104, respectively).

On August 24, 2012, plaintiff had a hearing in front of Administrative Law Judge ("ALJ") Troy Silva.  (AR 31-84).  Plaintiff appeared with counsel and testified at the hearing.  (AR 31, 33-53, 55-57, 62-72).  On October 18, 2012, the ALJ issued a decision denying benefits.  (AR 10-30).  The Appeals Council denied plaintiff's request for review on May 21, 2014.  (AR 1-6).  On July 23, 2014, plaintiff filed a complaint in this Court.  (Complaint, ECF No. 3).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standard was applied.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001); *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (stating disturbance of decision to deny benefits occurs only if decision is not supported by substantial evidence or is based on legal error).  Substantial evidence is more than a mere scintilla but less than a preponderance.  *Mayes*, 276 F.3d at 459.  Substantial evidence is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)).  To determine whether substantial evidence supports a finding, a court must "consider the record as a whole, weighing both evidence that supports and detracts from the [ALJ's] conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

A court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation.  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995)); *see Mayes*, 276 F.3d at 459.  If the evidence can reasonably

support either affirming or reversing the ALJ's decision, "the court may not substitute its judgment for that of the ALJ." *Aukland*, 257 F.3d at 1035 (citation omitted).

## ISSUES

1. Whether plaintiff's physical impairments met Listing 1.03 or medically equaled a listing, and

2. Whether the ALJ properly rejected the treating physician's opinion.

## DISCUSSION

A. Plaintiff's Impairments Did Not Meet Listing 1.03 Nor Did They Medically Equal a Listing

At step two, the ALJ found that plaintiff had the severe impairments of "mood disorder; attention deficit hyperactivity disorder (ADHD); alcohol dependence; polysubstance dependence; obesity; and status post surgical repair of left lower extremity fracture with inability to straighten and significant atrophy with post traumatic arthritis." (AR 15). Plaintiff argues that the ALJ erred because he did not consider the possibility that plaintiff had an impairment or combination of impairments that met or medically equaled Listing 1.03 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint) in 20 C.F.R. § 404, Subpart P, Appendix 1. (*See* JS 2-4, 7-11). Had the ALJ considered Listing 1.03 in his analysis, plaintiff argues, he would have found that plaintiff's severe impairment of "status post-surgical repair of left lower extremity fracture with inability to straighten and significant atrophy with post traumatic [sic] arthritis" either met or medically equaled Listing 1.03. (JS 4, 7-11). The Court disagrees.

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings at least equal in severity and duration to the characteristics of a relevant listed impairment." *Id.*; *see Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990); *see also* 20 C.F.R. § 416.926(a).

The record indicates that in 2004, plaintiff underwent an open reduction internal fixation procedure ("ORIF") to repair his left leg after a tibia plateau fracture. (*See* AR 264, 266, 278; *see also* AR 42). To meet the requirements of Listing 1.03, a claimant must establish that "reconstructive surgery or surgical arthrodesis (joint fusion) with inability to ambulate effectively, as defined in 1.00B2b" occurred, and that "return to effective ambulation did not occur, or is not expected to occur within twelve months of onset." 20 C.F.R. § 404, Subpt. P, App. 1. Section 1.00B2b(1) (Musculoskeletal System - Adult) defines the term "inability to ambulate effectively" as:

> [A]n extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity function . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

*Id*. Section 1.00B2b(2) goes on to state that to "ambulate effectively," individuals "must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living," and states that an example of ineffective ambulation would be "the inability to walk without the use of a walker, two crutches or two canes." *Id*.

There is no indication in plaintiff's records that he has either an extreme limitation in his ability to walk or that his lower extremity function prevents him from walking without the use of a walker, two crutches, or two canes. On the contrary, the March 2011 Function Report - Adult filled out by plaintiff indicates that his daily activities include taking his children to and from school, doing housework, helping his children with their homework and making dinner on occasion. (*See* AR 186-188). He also indicated that he feeds and cleans up after the family pet(s) (AR 187) and sometimes shops (*see* AR 189). Absent having some difficulty getting in and out of

the shower, plaintiff indicated that he had no problem with managing his personal care. (AR 187). Plaintiff also listed playing baseball and football as two of his hobbies and interests. (AR 190). When asked how his conditions had changed these activities, plaintiff wrote, "Can't run or move like I used to. Can [barely] walk at times." (*Id*. (brackets added)). Although the last statements indicate that plaintiff has experienced some limitation as a result of his surgery, it cannot be considered "extreme" in nature given his continued ability to be able to engage in normal, daily activities without any more assistance than a cane.

Moreover, plaintiff's wife confirmed many of plaintiff's statements in the March 2011 Function Report - Adult - Third Party that she filled out. (*See generally* AR 194-200). She wrote that plaintiff did the laundry, cut the grass and did housecleaning. (AR 196). She also stated that plaintiff could stand, sit or kneel for half an hour at a time; that he could walk a couple of blocks before needing to rest, and that he used a cane when his knee hurt. (AR 199-200).

Finally, the May 2011 Orthopaedic Evaluation performed on plaintiff by board certified examining orthopaedist Robert MacArthur indicated that plaintiff could walk and stand up to two hours a day and that he would need a cane. (AR 366). Consulting physician P.A. Talcherkar also indicated in plaintiff's June 2011 Physical Residual Functional Capacity Assessment that plaintiff could stand and / or walk with normal breaks at least two hours a day and that he would need a cane for support. (AR 382-83).

In light of these facts, it is clear that plaintiff's severe physical impairments do not meet Listing 1.03, nor do they medically equal a listing. Although plaintiff mentions his obesity as an impairment that could combine with his knee issue in order to medically equal a listing (*see* JS 8), that statement is purely speculative without support in the record. He fails to demonstrate in what ways the symptoms of his physical impairments are equal in severity and duration to any of the relevant listed findings as required under *Tackett*. *Tackett*, 180 F.3d at 1099; *see* 20 C.F.R. §

416.926(a). For these reasons, the ALJ's failure to conduct the aforementioned analyses is free of legal error and is supported by substantial evidence in the record. *See generally Ludwig v. Astrue*, 681 F.3d 1047, 1055 n.30 (9th Cir. 2012) (quoting *Mayes*, 276 F.3d at 459–60 (stating ALJ has duty to develop the record "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.")).

B.  The ALJ Properly Rejected the Treating Physician's Opinion

Plaintiff also argues that the ALJ improperly rejected the opinion of his treating physician and that he failed to provide the requisite support for rejecting it. (JS 4-7). The Court disagrees.

In determining whether a claimant is disabled, among the evidence the ALJ considers is medical evidence. 20 C.F.R. § 416.927(b). In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians, and (3) non-examining physicians. 20 C.F.R. § 416.927(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *see generally* 20 C.F.R. § 416.927(c)(1)-(2). The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to know and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996), *superseded by statute on other grounds*, 20 C.F.R. § 416.929(c)(3); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester*, 81 F.3d at 830-31). "Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate

///

reasons that are supported by substantial evidence in the record.'" *Carmickle*, 533 F.3d at 1164 (quoting *Lester*, 81 F.3d at 830-31).

Conclusory statements unsupported by the record within a medical examiner's opinion warrant the assignment of little weight. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citing to *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).

On January 6, 2012, in a general, one-page letter written at plaintiff's request, treating family medicine physician Mitchell F. Howo stated that he saw plaintiff approximately every two to three months and that plaintiff had "a history of severe knee pain with documented osteoarthritis [and] a history of surgery (open reduction fixation of his left knee) in 2004." (AR 594) (brackets added). Dr. Howo then opined that plaintiff's knee pain made him "unable to [do] manual labor or work;" that the pain rendered plaintiff "unable to lift [] [or] do prolonged walking, bending or kneeling," and that this was "a permanent disability." (*Id*. (brackets added)). No additional information was provided, nor did other records from Dr. Howo or plaintiff's primary health care organization support these opinions. (*See generally* AR 263-320, 399-535, 558-94, 630-763 (Dr. Howo's and Kaiser Permanente's medical records on plaintiff)).

In the decision, the ALJ assigned little weight to Dr. Howo's opinion. (AR 23). He found that Dr. Howo's statement that plaintiff was unable to lift items was "vague and conclusory" because there was no medical evidence in the record to support it. (Id.). This reason was both specific and legitimate. *Thomas*, 278 F.3d at 957 (stating conclusory opinion of treating physician need not be accepted by ALJ); *see* 20 C.F.R. § 416.927 (c)(3) ("The more a medical source presents relevant evidence to support an opinion . . . the more weight we will give that opinion."); *see also* 20 C.F.R. §

7

416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). The ALJ also found that Dr. Howo's other limitations with respect to prolonged walking, bending or kneeling were considered and accounted for in plaintiff's residual functional capacity ("RFC") assessment, and that these remaining limitations still enabled plaintiff to perform a light range of work. (*See* AR 23). Thus, to the extent that part of Dr. Howo's opinion was consistent with the record as a whole, those limitations were reflected in plaintiff's RFC. (*Compare* AR 594 (Dr. Howo's limitations of plaintiff engaging in prolonged walking, bending or kneeling), *with* AR 17-18 (ALJ's preclusion of plaintiff walking more than two hours or bending or kneeling)).

In addition, Dr. Howo's opinion was inconsistent with the findings of Drs. MacArthur and Talcherkar who had placed less restrictive limitations on plaintiff's ability to lift items. (*See* AR 365 (Dr. MacArthur stating plaintiff could push, pull, lift and carry up to twenty pounds occasionally and up to ten pounds frequently); *see also* AR 382 (Dr. Talcherkar stating plaintiff could lift, carry and upward pull twenty pounds occasionally and ten pounds frequently)). The ALJ pointed these findings out. (*See generally* AR 23 (ALJ stating medical consultants' opinions indicated plaintiff was able to perform range of work at light exertional level and that opinions were supported by record as a whole)). This reasoning also provided a specific and legitimate basis to assign little weight to Dr. Howo's opinion. *Thomas*, 278 F.3d at 957 (stating opinions of non-treating and non-examining physicians may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record).

As for Dr. Howo's opinion that plaintiff has a "permanent disability" and that he is "unable to work," the final responsibility for deciding such issues is reserved to the Commissioner. 20 C.F.R. § 416.927 (d)(2). As a result, the ALJ was not required to give any special significance to this part of Dr. Howo's opinion. *See* 20 C.F.R. § 416.927 (d)(3).

In light of these facts, the Court finds that the ALJ provided specific and legitimate reasons for assigning little weight to the opinion of plaintiff's treating physician and that those reasons were supported by substantial evidence in the record.

## CONCLUSION

In sum, the record indicates that plaintiff's physical limitations and the resulting symptoms did not meet Listing 1.03 requirements, nor did they medically equal a listing. It also indicates that the ALJ's reasons for rejecting the opinion of plaintiff's treating physician were specific, legitimate and supported by substantial evidence in the record.

## ORDER

For the foregoing reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

DATED: February 12, 2016

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge